**Alan R. DOHNER, Plaintiff—Appellee,**

**v.**

**Robert DEPWEG, Defendant,**

**and**

**California Department of Corrections, Real-party-in-interest—Appellant.**

No. 04–56677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided April 27, 2006.

Robert E. Young, San Francisco, CA, for Plaintiff-Appellee.

Richard M. Arias, Los Angeles City Attorney's Office City Hall East, Los Angeles, CA, for Defendant.

John Francis Bazan, Esq., Los Angeles, CA, for Appellant.

Before: FRIEDMAN,* O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

The California Department of Corrections ("CDC") appeals the district court's August 16, 2004 order allegedly granting inmate Alan R. Dohner injunctive relief against CDC. Dohner applied for the order ex parte under the case name and caption of a pending civil lawsuit. The district court granted the order even though Dohner had failed to name and to serve CDC as a party to the suit.

■ We have jurisdiction under § 1292(a)(1) because the order has the "substantial effect" of an injunction notwithstanding that CDC was not a party. *Calderon v. U.S. Dist. Court for Cent. Dist. of California*, 137 F.3d 1420, 1421–22 (9th Cir.1998). Although not named in the district court order, CDC has standing to appeal because the order confronts CDC with the choice of either conforming to its dictates or ignoring it and risking contempt proceedings. *In re Estate of Ferdi-*

Steven L. Szocs, Esq., Los Angeles, CA, Robert E. Young, Esq., Law Offices of

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*nand Marcos Human Rights Litigation,* 94 F.3d 539, 544 (9th Cir.1996).

■ We note that this appeal may be moot because a preliminary injunction in a civil action with respect to prison conditions automatically expires after 90 days. 18 U.S.C.A. § 3626(a)(2). However, even if the appeal were moot, we may reach the merits because CDC's challenge to the district court's authority to issue injunctive relief against a non-party falls within the exception to the mootness doctrine for disputes "capable of repetition yet evading review." The district court has apparently already issued additional injunctive orders against CDC in spite of CDC's nonparty status. *Cf. In re U.S. for an Order Authorizing Roving Interception of Oral Communications,* 349 F.3d 1132, 1135–36 (9th Cir.2003).

■ Having determined that we have jurisdiction over this appeal, we review the district court's personal jurisdiction determination *de novo. Gator.Com Corp. v. L.L. Bean, Inc.,* 341 F.3d 1072, 1075 (9th Cir.2003). A district court lacks authority to issue an injunction directed at an entity that is not a party before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 112, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). The limited exception to this rule, which allows injunctions aimed at parties also to bind non-parties "in active concert or participation" with them, does not apply in this case. Thus, because the district court lacked authority to issue the August 16, 2004 order, the order is hereby **VA-CATED.**